UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
UNITED STATES OF AMERICA

| | |
|---|---|
| Carrie Prosser and Bryzon Prosser,<br><br>    Plaintiffs,<br><br>            v.<br><br>SCGM, LLC d/b/a DoubleTree<br>by Hilton Hotel Bemidji and Edgewater<br>Management, LLC<br><br>    Defendants. | Case No.<br><br>**COMPLAINT**<br>**AND**<br>**JURY DEMAND** |

**[¶ 1]** Plaintiffs, Carrie Prosser and Bryzon Prosser, by and through his attorney, Amanda M. Corey, for their cause of action against Defendants, SCGM, LLC d/b/a DoubleTree by Hilton Hotel Bemidji ("DoubleTree Hotel") and Edgewater Management, LLC ("Edgewater"), state and allege as follows:

## JURISDICTION

**[¶ 2]** This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 based upon diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

**[¶ 3]** This Court also has subject matter jurisdiction over Plaintiff's remaining claim pursuant to 28 U.S.C. § 1331 because the matter involves a federal question under 15 U.S.C. 45.

**[¶ 4]** This Court has supplemental jurisdiction over Plaintiff's remaining claim pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

**[¶ 5]** Plaintiffs request that a jury hear and decide all claims, pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

**[¶ 6]** Plaintiff Carrie Prosser is a citizen of the State of North Dakota and the natural mother of Bryzon Prosser.

**[¶ 7]** Plaintiff Bryzon Prosser is a citizen of the State of North Dakota.

**[¶ 8]** Defendant SCGM, LLC is a Limited Liability Company organized under the laws of the State of Minnesota, doing business in the State of Minnesota as DoubleTree by Hilton Hotel Bemidji, with its principal place of business located at 115 Lake Shore Drive Northeast, Bemidji, Minnesota, 56601.

**[¶ 9]** Defendant Edgewater Management, LLC is a Limited Liability Company organized under the laws of the State of Minnesota, registered in and doing business in the State of Minnesota, with its principal place of business located at 819 Paul Bunyan Drive South, Bemidji, Minnesota, 56601.

**[¶ 10]** At all times material herein, and upon information and belief, DoubleTree Hotel was engaged in a joint enterprise and/or joint venture with Edgewater.

## STATEMENT OF FACTS

**[¶ 11]** DoubleTree Hotel operates a hotel resort located on the south shore of Lake Bemidji, in the State of Minnesota which hosts a beach with a lengthy dock and together with Edgewater, jointly advertises to its guests and the general public through national print and internet as DoubleTree by Hilton Hotel Bemidji, "availing themselves of the advantages of riparian ownership for resort purposes," for the purpose of financial gain to Defendants. *Dooley v. Spirit of the N. Resort, Inc.*, 2010 U.S. Dist. LEXIS 48317, 2010 WL 1959834 at *7.

[¶ 12]  Defendants hold themselves out as a safe place where customers can come to engage on its beach, which includes a lengthy dock, in family activities including, but not limited to, swimming in and using watercrafts on Lake Bemidji.

[¶ 13]  Prior to July 2019, Carrie and Bryzon Prosser had never visited DoubleTree Hotel.

[¶ 14]  On July 13, 2019, Bryzon Prosser was a minor child.

[¶ 15]  On July 13, 2019, the water level of Lake Bemidji around DoubleTree Hotel's dock and swimming area was too shallow to be reasonably safe for diving.

[¶ 16]  On July 13, 2019, at approximately 12:25 am., Bryzon Prosser, accompanied by a paid guest of DoubleTree Hotel, dove into the water of Lake Bemidji from DoubleTree Hotel's dock, striking his head on the bottom of the lake, rendering him a quadriplegic.

[¶ 17]  Despite the unreasonably dangerous shallow water level, there were no "No Diving" signs or functional equivalent reasonably near the DoubleTree Hotel's dock area prior to Bryzon Prosser's first and only dive on July 13, 2019.

[¶ 18]  DoubleTree Hotel posted "NOTICE" signs which were not only entirely insufficient but were unreasonably far from the dock and the site of Bryzon Prosser's dive.

[¶ 19]  Bryzon Prosser was not warned by any Defendant herein about the unsafe and unreasonably dangerous shallow water around the dock at DoubleTree Hotel, nor did he receive any other warnings or cautions about shallow water levels before diving off the dock at DoubleTree Hotel on July 13, 2019.

[¶ 20]  On July 13, 2019, Defendants, and each of them, knew, or in the existence of reasonable care should have known, that the shallow depth of Lake Bemidji in the area of DoubleTree Hotel's dock was too shallow for safe diving.

[¶ 21]  On July 13, 2019, Defendants, and each of them, failed to maintain the area in and around the dock at DoubleTree Hotel, rendering them unreasonably dangerous for diving.  Further, Defendants failed to restrict access to or diving from Lake Bemidji's dock.

[¶ 22]  Bryzon Prosser did not know of the unsafe condition of the unreasonably shallow depth of Lake Bemidji, nor would another minor, under similar circumstances, and in the exercise of reasonable care, have discovered said unsafe condition.

[¶ 23]  Defendants, and each of them, advertises to the public, including Bryzon Prosser, and otherwise holds itself out as a safe place where individuals and families can swim and use watercrafts from the dock of DoubleTree Hotel.

[¶ 24]  Prior to his injury, Bryzon Prosser was a strong, athletic, able-bodied teenager, and now, as a result of the injuries sustained in said accident of July 13, 2019, is a quadriplegic, incapable of gainful employment and has incurred past medical expense in excess of One Million Seven Hundred Thousand Dollars ($1,700,000.00) and will incur future medical expenses in excess of the sum of Five Million Dollars ($5,000,000.00) and has suffered catastrophic and permanent injuries.

[¶ 25]  As a result of Bryzon Prosser's injury and status as a minor at the time of his injury, Carrie Prosser has incurred past medical expense for Bryzon Prosser's care in excess of One Million Seven Hundred Thousand Dollars ($1,700,000.00) and the loss of Bryzon Prosser's past and future services.

## COUNT I
## NEGLIGENCE

[¶ 26]  Plaintiffs repeat and reallege each allegation set forth in paragraphs 1 through 25 of this Complaint as though fully set forth herein.

[¶ 27]  At all times material herein, Defendants, and each of them, owed Bryzon Prosser a duty to keep its premises and resort property in a reasonably safe condition, consummate with the risks involved, to prevent dangerous conditions thereon, and to warn its patrons of any unsafe and unreasonably dangerous conditions.

[¶ 28]  That it was foreseeable to Defendants, and each of them, on July 13, 2019, that guests would dive from the DoubleTree Hotel dock into Lake Bemidji.

[¶ 29]  Defendants, and each of them, knew, or in the exercise of reasonable care, should have known, that the shallow water of Lake Bemidji posed an unreasonable risk of grave injury or death to its patrons when using the dock at DoubleTree Hotel in their foreseeable manner for swimming and watercraft use.

[¶ 30]  As a direct and proximate result of the negligent, careless, and unlawful conduct of Defendants, and each of them, in their failure to maintain the swimming/watercraft area of the DoubleTree Hotel and/or warn their guests of the shallow depth of the water and the danger of diving from the DoubleTree Hotel dock, as well as their failure to properly train and inform their employees to maintain said areas in a safe condition and/or warn their guests of the unreasonably dangerous condition of the shallow water, and/or their failure to restrict access to the dock, Bryzon Prosser sustained serious and permanent bodily injuries to his spine, resulting in quadriplegia, and has permanently lost the use of his bodily functions below his neck, including, but not limited to his arms, hands, legs and feet, and Bryzon Prosser and Carrie Prosser have in the past and will in the future incur medical expenses for the treatment of said injuries, and has in the past and will in the future suffer great physical and emotional pain; as a further result, they have in the past and will in the future incur a loss of earnings and earnings capacity, all to their damage, general and special, in the sum of Thirty Million Dollars ($30,000,000.00).

## COUNT II
## DECEPTIVE TRADE PRACTICES

**[¶ 31]** Plaintiffs repeat and reallege each allegation set forth in paragraphs 1 through 30 of this Complaint as though fully set forth herein.

**[¶ 32]** Defendants, and each of them, in the course of their business, advertised to the public and to Bryzon Prosser that the DoubleTree Hotel was at all times a reasonably safe place to swim and operate watercraft from their dock owned and maintained by Defendants.

**[¶ 33]** Defendants misrepresented that their resort was a place where Defendants would expend reasonable efforts to inspect their premises to ensure that it was not in an unreasonably unsafe condition and that their guests would be warned of any unsafe conditions on their premises.

**[¶ 34]** Defendants, and each of them, also represented through their advertising that it was a place where a high level of care would be exercised to ensure its guests would not be injured while making foreseeably reasonable and customary use of their premises.

**[¶ 35]** That the representations made by Defendants are false and misleading and in violations of the Deceptive Trade Practices Act as follows:

    a. DoubleTree Hotel is not a place where it is safe to dive from the dock;

    b. Defendants did not make reasonable efforts to inspect its premises to ensure that it was in a reasonably safe condition for family vacations and foreseeable uses;

    c. Defendants did not use reasonable care to ensure its patrons would not be injured through reasonable and customary use of the premises;

    d. That Plaintiffs claims serve a public purpose and benefit as Defendants continue to market, advertise and misrepresent themselves to the public in their business and continued to fail to warn their guests of the dangerous condition the shallow water level of Lake Bemidji posed to their patrons.

[¶ 36]  As a result of said violations by Defendants, and each of them, as set forth above, Bryzon Prosser and Carrie Prosser have suffered injuries and damages as set forth in ¶30, herein.

## COUNT III
## JOINT VENTURE

[¶ 37]  Plaintiffs repeat and reallege each allegation set forth in paragraphs 1 through 36 of this Complaint as though fully set forth herein.

[¶ 38]  That Defendants, and each of them, are joint ventures under DoubleTree Hotel.

[¶ 39]  That upon information and belief, Defendants combine their money, property, time, and skill in the common undertaking of generating profits under the common entity of DoubleTree Hotel.

[¶ 40]  That each Defendant has interest and control over the property and advertises and markets itself under the name of DoubleTree Hotel, which results in increased profits to Defendants, and each of them.

[¶ 41]  That upon information and belief, Defendants, and each of them, have an expressed or implied contract between them to market and sell their goods and services and to jointly maintain their property.

## COUNT IV
## JOINT ENTERPRISE

[¶ 42]  Plaintiffs repeat and reallege each allegation set forth in paragraphs 1 through 41 of this Complaint as though fully set forth herein.

[¶ 43]  That Defendants, and each of them, have a mutual business purpose in the advertisement, maintenance, upkeep, and goodwill of DoubleTree Hotel and advertised collectively as DoubleTree Hotel.

**[¶ 44]** That Defendants are advertised together, under one overreaching entity, DoubleTree Hotel.

**[¶ 45]** That Defendants, and each of them, have a voice in the direction or control of the means to carry out DoubleTree Hotel's business purposes collectively and advertise as such.

## PRAYER FOR RELIEF

**[¶ 46]** **WHEREFORE**, Plaintiffs pray for the following relief

a. Judgement on Counts I and II against Defendants, and each of them, jointly and severally in favor of Plaintiffs, in the amount of Thirty Million Dollars ($30,000,000.00).

b. An order enjoining Defendants, and each of them, from misrepresenting and falsely advertising in violation of the Unfair or Deceptive Trade Practices Act, Minn. Stat. § 325D.34 and 15 U.S.C. § 45.

c. Pre and post-judgment interest, costs, reasonable attorneys fees, and disbursements incurred herein, and all other relief as the court deems just and equitable.

Dated this 14th day of October, 2021.

REICHERT LAW OFFICE

**AMANDA M. COREY**
(MN ID# 0399710)
118 Belmont Road
Grand Forks, ND 58201
701-787-8802
supportstaff@reichertlaw.com
Attorney for Plaintiffs